UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ERIC A. JOHNSON

    Plaintiff,
vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.

    Defendant
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, ERIC A. JOHNSON , by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC., and further states as follows:

GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section (19) (b).  The cause of action is in excess of $75,000.00.  There is diversity of citizenship.  Plaintiff is a resident and citizen of California.  This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent or, in the alternative, such conditions do not apply to this Plaintiff.

3. Defendant is a Panamanian Corporation which is licensed to do business in Florida as a cruise line.  Defendant's base of operations is in Miami, Dade County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three.

5. On or about September 29, 2011, Plaintiff was a fare paying passenger on Defendant's vessel PARADISE.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to have a reasonably safe method of cleaning spills, and/or;

   b. Failing to warn the Plaintiff of the existence of puddles of water in the eating area on the Lido deck, and/or;

   c. Failing to train crew members in how to keep a passenger area clean and dry, and/or;

   d. Failing to have a non-slip surface on a tiled eating area on the Lido deck, and/or;

   e. Failing to keep a tiled area on the Lido deck clean and dry.

8. As a result of the foregoing, the Plaintiff was injured when he slipped and fell in a large puddle on a tiled floor in the eating area of the Lido deck. The crew had placed caution signs in the general area but had negligently placed them so none had been placed facing the entrance where Plaintiff and his wife had entered. There were several puddles at the tiled entrance where Plaintiff slipped and fell.

9. At all times material, the Defendant had actual knowledge of the dangerous condition and/or constructive knowledge of the dangerous condition by the length of time the condition existed, and/or the nature of the dangerous condition and/or

the fact that the dangerous condition was ongoing, repetitive or recurring with some regularity.

10. At all times material, Plaintiff was acting with due care for his own safety.

11. At all times material hereto, Defendant was in direct control of the vessel where Plaintiff's decedent was injured.

12. In the alternative, or in addition hereto, Defendant is not required to have notice of the condition because Defendant engaged in and was guilty of negligent maintenance and/or engaged in negligent methods of operation.

13. As a result of the negligence of the Defendant as aforesaid, the Plaintiff's decedent was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expenses, suffered physical handicap and a loss of the ability to enjoy life; lost the enjoyment of his cruise; suffered an aggravation of a pre-existing condition, suffered a loss of earnings and a loss of earning capacity. Said personal injuries are permanent and Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

DATED this 19th day of January, 2012.

> HOFFMAN LAW FIRM
> 2888 East Oakland Park Boulevard
> Fort Lauderdale, FL 33306
> Telephone: (954) 563-8111
> Fax: (954) 563-8171
> *Attorney for Plaintiff*
>
> By: *//s// Paul M. Hoffman, Esq.*
> PAUL M. HOFFMAN
> Florida Bar No:  0279897